MALCOLM YATES WORLEY,     )
                                )
     Plaintiff and Counter-Defendant/   )
     Appellant,                       )
                                )       Hickman Chancery
                                )       No.  9511296
VS.                            )
                                )       Appeal No.
                                )       01-A-01-9601-CH-00037
RITA K. WORLEY,          )
                                )
     Defendant and Counter-Plaintiff/   )
     Appellee.                     )

**FILED**

**June 7, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF HICKMAN COUNTY

AT CENTERVILLE, TENNESSEE

HONORABLE CORNELIA A. CLARK, CHANCELLOR

DOUGLAS THOMPSON BATES, III
P.O. Box 1
Centerville, Tennessee 37033
ATTORNEY FOR PLAINTIFF/APPELLANT

DANA DYE
P.O. Box 11
105 West End Avenue
Centerville, Tennessee 37033
ATTORNEY FOR DEFENDANT/APPELLEE

MODIFIED, AFFIRMED AND REMANDED

                     HENRY F. TODD
                     PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

MALCOLM YATES WORLEY,        )
                                          )
     Plaintiff and Counter-Defendant/   )
     Appellant,                        )
                                          )     Hickman Chancery
                                          )     No.  9511296
VS.                                )
                                          )     Appeal No.
                                          )     01-A-01-9601-CH-00037
RITA K. WORLEY,             )
                                          )
     Defendant and Counter-Plaintiff/   )
     Appellee.                         )

O P I N I O N

This is a suit and countersuit for divorce in which the wife was granted an absolute divorce on grounds of inappropriate marital conduct of the husband.  On appeal, the husband presents issues which relate only to identification and division of the marital estate:

The parties were married in 1958 and separated in 1995.  Both parties worked during the marriage.  Their earnings were approximately equal.  There are no minor children.

The husband's first issue is:

> 1.  It was error for the Trial Court to hold that the assets of the parties were acquired by equal contribution of the parties.

Husband does not question the approximate equality of earnings, but asserts that, during the marriage, he acquired $152,625.34 worth of assets by inheritance from his family. The Trial Judge recognized $47,000 in certificates of deposit as being derived from inheritance and therefore separate property of the husband.  The husband insists that the remainder of the $152,625.34 inheritance, or $102,625.34 be also assigned to him out of the marital estate of $126,204.10.  In respect to the inheritance, the Trial Judge stated orally from the bench:

> I also find under these definitions that the three CD's of ten thousand dollars, seventeen thousand dollars and twenty thousand dollars were and remain the separate property of Mr. Worley, because those monies came primarily from inheritance.  They have come fairly recently, since 1993, they can be traced separately, and I don't find there's been enough

proof of an intent or purpose to really treat them as marital funds to count them in any different way.

The funds that were received at the same time, because those were not the total of the funds received on those three occasions, but spent for other things, did become marital property and they've been spent up or given to the children or otherwise disposed of, and I'm not going to attempt to deal with those today.

. . . .

And to the extent I need to make a finding, I find that in this marriage of thirty-seven, or thirty-six and a half years, where both parties have worked outside the home for some substantial period, Mr. Worley has contributed significant inherited funds to the preservation of the family, but Mrs. Worley has also worked inside the home as homemaker and has decorated the house, has raised the children, has done all the business and financial management for the family, that there has been a substantial contribution, or an equal contribution, of both parties to the ultimate course of the marriage and that both should be credited with that.

The judgment of the Trial Court states:

Both parties have made substantial and equal contributions to the accumulation of marital assets and the distribution of those assets identified as marital assets should be approximately equal.

Husband argues that the Trial Court included the $102,625.34 in the marital estate because the wife did housework at home in addition to her work outside the home. This Court disagrees. The housework was mentioned to justify an equal division of the increase in value or income from inherited property. The justification for failing to designate as separate property the $102,625.34 was the failure to trace it into any severable asset as was done with the three certificates of deposit. As stated by the Trial Judge, so far as this record shows, the $102,625.34 has been "spent for other things or spent up" or given to the children or otherwise disposed of. The record does not reflect a preponderance of the evidence against this finding. Consideration of the interesting question about recognition of housework ably presented by counsel must await a more suitable factual and decisional situation.

The husband's second issue is:

2. It was error for the Trial Court to ignore the uncontradicted proof of $9,500 contributed by husband toward the purchase price of the house when such funds came from the sale of an asset husband held before the marriage.

The Trial Judge stated orally:

. . . As to the house, I find that the entire sixty-five thousand dollar equity value, which is apparently unencumbered by any lien, is to be considered marital property and may be disposed of in that way. I recognize that Mr. Worley initially made a contribution of about nine thousand five hundred dollars from a house he owned previous to this marriage, but that being more than thirty-five years ago, and this house having appreciated substantially since then and having been the marital residence of these parties, insofar as they've testified, forever, I find that that has been treated as and has become marital property. And so I'm not making any deduction to his credit for that long ago contribution, either.

At the marriage, the husband owned a house of unstated value. About eight years later he sold the house for $9,500. Appellee argues that any increase in the value of the house during the marriage could be deemed a part of the marital estate. However, a more important consideration is that the husband merged the $9,500 into the joint ownership of the new home. Such is subject to consideration as a presumed gift or the subject of transmutation which can occur by the conversion of separate ownership of nonmarital property into a form of common ownership or commingling non marital property with marital property. *McClellan v. McClellan,* Tenn. App. 1993; 873 S.W.2d 350; *Barnhill v. Barnhill,* Tenn. App. 1991, 826 S.W.2d 443; *Batson v. Batson,* Tenn. App. 1988, 769 S.W.2d 849; 27B C.J.S. *Divorce* § 522, pp. 525,526.

Husband's third issue is:

It was error to hold that timber cut on inherited land would be separate property.

The judgment of the Trial Court states in part:

. . . Thus, the marital assets of these parties consist of the marital home valued at $65,000.00, the $15,000.00 certificate of deposit which is found to be income derived from the husband's separate property, . . . .

The Trial Judge stated orally:

> . . . The fifteen thousand dollar CD, number 46748, which I think everybody agrees was purchased after the sale of timber cut from Mr. Worley's inherited property, I find to be marital property under (b) (1) (B), in that it really constitutes income from separate property and, therefore, should be defined to be marital property.

This Court cannot agree with the Trial Court that the proceeds of timber removed from separately owned real estate is marital income. Timber is part of the land upon which it grows. *New River Lumber Co. v. Blue Ridge Lumber Co.,* 146 Tenn. 181 (1922). The increase in value of the land by the timber growth which occurred while the land was owned by the husband during the marriage would be a part of the marital estate, but the amount of such increased value, or the proportion of the timber proceeds attributable to growth during such period does not appear in this record. Accordingly, there is no evidentiary basis for classifying any part of the timber proceeds as marital property.

Husband's fourth and last issue is:

> It was error to give wife $13,442.00 more of marital assets upon a theory of "Partial Attorney's Fees" especially when the issue never came up at the trial until the court announced its ruling and there was no proof of what fee was owing.

The tabulation of assets awarded the parties shows that $56,381.10 was received by the husband and $69,823 was received by the wife - a difference of $12,942.90. As to this difference, the Trial Judge stated orally:

> I also recognize that when the numbers are added up, the total numbers may work in favor of Mrs. Worley slightly. To the extent that they do, then I also intend that they constitute an award, a partial award of attorney's fees, and I'm not going to award her those or in any other alimony in solido separately because she has now been given assets and/or judgment that will give her some liquidity.

This Court cannot agree that a $12,942.90 difference in distribution of property can be justified by "attorney's fees" which are awarded as a part of alimony. *Gilliam v. Gilliam,*

Tenn. App. 1988, 776 S.W.2d 81; *Raskind v. Raskind,* 45 Tenn. App. 583, 325 S.W.2d 617 (1959).

The counter-complaint of the wife did pray for attorney's fee. Although no evidence is found in the record as to the amount of legal services rendered or the reasonable charges therefor, it is possible for a court to make a determination of the reasonable services which appear on the face of the record. *Kahn v. Kahn,* Tenn. 1988, 756 S.W.2d 685.

The record of the Trial Court and the briefs and argument before this Court justify at least $5,000 in legal fees which will be awarded to the wife.

The elimination of the $15,000 timber proceeds will reduce the share of the wife by $7,500, which, together with the elimination of the $12,942.90 will reduce the amount of the wife's share in the marital estate to the extent of $20,442.90.

Accordingly, the judgment of $25,000 in favor of the wife and against the husband is reduced to $4,557.10, and an award of $5,000 attorney's fee to the wife is added to the judgment. As modified, the judgment is affirmed. The costs of this appeal are taxed equally. That is, each party shall pay one-half. The cause is remanded for necessary further proceedings.

Modified, Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE